UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES BRUCE ALLISON,<br><br>    Plaintiff,<br><br>  v.<br><br> UNITED STATES MARSHALS<br>SERVICE,<br><br>    Defendant. | Case No. 1:14-cv-00332-BLW<br><br><br>MEMORANDUM DECISION AND<br>ORDER |

Before the Court are the United States Marshals Service's Motion for Summary

Judgment (Dkt. 11) and Plaintiff James Bruce Allison's Ex Parte Motions to Compel

(Dkts. 14 & 15). Having fully reviewed the record, the Court finds that the parties have

adequately presented the facts and legal arguments in the briefs and record and that the

decisional process would not be significantly aided by oral argument. Therefore, the

Court will decide this matter on the written motions, briefs and record without oral

argument. D. Idaho L. Civ. R. 7.1(d). For the reasons set forth below, the Court will grant

the Government's Motion for Summary Judgment and deny Allison's ex parte motions to

compel.

**MEMORANDUM DECISION AND ORDER- 1**

## ANALYSIS

### 1.      Motion for Summary Judgment

Allison brings his claims under 5 U.S.C. § 552, the Freedom of Information Act (FOIA). The FOIA generally provides for the mandatory disclosure of information held by federal agencies to the public, unless the requested material is excluded from mandatory disclosure by an exemption provided in the FOIA. *NLRB v. Robbins Tire & Rubber Co*., 437 U.S. 214, 220-221 (1978); 5 U.S.C. § 552. Allison alleges that the United States Marshals Service (USMS) has failed to comply with FOIA.

By a letter dated July 13, 2012, Allison made a FOIA request to the USMS. *Bordley Decl.* ¶ 2, Dkt. 11-2. In this letter, Allison requested all records from October 2007 to 2012 relating to an ICE/DHS investigation of himself, and all records from the USMS from the same date until the present. *Id.* The letter was then forwarded to the USMS by an action slip dated July 26, 2012. By a letter addressed to Allison and dated July 31, 2012, the USMS acknowledged receipt of the FOIA request, and then began a search of all the responsive USMS records concerning Allison covering the period October 2007 to the present. *Id.* ¶ 3.

In a second letter dated January 15, 3013, Allison requested copies of all records pertaining to an incident referencing Allison that occurred on November 9, 2007. Allison sought this document from the Post Falls City Police Department, but he was erroneously told that the custodian of the document was the USMS. *Id.* ¶ 4.

**MEMORANDUM DECISION AND ORDER- 2**

The USMS conducted a thorough search of its records to find documents responsive to Allison's requests. The search located 244 pages of documents that were potentially responsive to Allison's FOIA requests. Only 214 of those pages, however, were created and maintained by the USMS; the remaining pages originated with other federal agencies, including the Bureau of Prisons ("BOP"), the Executive Office for United States Attorneys ("EOUSA"), and the United States District Court for the District of Idaho. *Id*. On or about October 24, 2013, the USMS released to Plaintiff all but two pages of USMS records. *Id*. The production of these records moots any claims regarding the 214 pages of USMS-created records. *See, e.g., Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002) (stating production of all nonexempt material, "however belatedly," moots FOIA claims).

As for the remaining documents that the USMS did not produce, Allison never administratively challenged or appealed the scope of the USMS's search, the adequacy of the search, the propriety of any redactions, the withholding of any USMS-created documents, or the applicability of any FOIA exemptions. *Id*. ¶¶ 13, 17.  But he did file two separate FOIA appeals. *Id.*, Exs. H and L. Allison made clear that these appeals were narrowly limited to three actions:

> (1) "[the withholding] of [the police officer's] dispatch log for [the November 9, 2007] event," *see* Ex. H;

> (2) the withholding of "the xxxxx police report from the Post Falls xxx Police Department] that [the police officer] filled out about the reason he was called out on Nov 9 2007 [sic] to 1927 Chehalis street [sic], Post Fall Idaho," *see* Ex. L; and

**MEMORANDUM DECISION AND ORDER- 3**

(3) the withholding of an Order that Judge Lodge entered and sealed in the
case *United States of America v. Allison*, Case No. 2:07-CR-00284-N-EJL
(D. Idaho).

To the extent that Allison did not did not administratively challenge or appeal any

other aspect of the USMS's response to his FOIA requests, this Court lacks subject

matter jurisdiction over his FOIA claims other than those relating to the police report,

dispatch log, and sealed Court Order. *See, e.g., Hymen v. Merit Sys. Prot. Bd.*, 799 F.2d

1421, 1423 (9th Cir. 1986), *overruled on other grounds* by *Irwin v. Dep't of Veterans*

*Affairs*, 498 U.S. 89 (1990)) (confirming that district court lacked subject matter

jurisdiction where plaintiff had failed to exhaust administrative remedies)

Nor does Allison have a valid FOIA claim with respect to the police report,

dispatch log, and sealed Court Order. In a FOIA lawsuit, the Court can grant a requester

relief only when an agency has improperly withheld agency records. See 5 U.S.C. §

552(a)(4)(B) (1994 & Supp. II 1996). The USMS does not have either the police report or

dispatch log in its possession. *Bordley Decl*., ¶ 8, 13, 17; *see also id*., Ex. K. The USMS

can neither produce nor withhold what it does not have. Given these facts, there is no

evidence that the USMS has acted improperly in not producing the police report and

dispatch log. And the USMS has also not improperly withheld a copy of Judge Lodge's

sealed Court Order. Judge Lodge not only sealed the subject Order from public view for

purposes of the underlying criminal case, but also made clear that any disclosure of his

sealed Order is prohibited under the FOIA. *Id.*, Ex. N.

**MEMORANDUM DECISION AND ORDER- 4**

**2. Ex Parte Motions to Compel**

Allison has also filed two ex parte motions to compel the Post Falls Police Department to disclose to whom at the United States Marshal Service they turned over a police report and also to produce a search warrant. Allison also ask the Court to compel the Federal Defender's office to disclose all discovery their office has on criminal case, 2:07-cr-00284-EJL. Neither of these entities is a party to this action, and therefore the Court does not have the authority to compel them to produce any documents. Moreover, these documents do not appear to have any bearing on Allison's FOIA claim against the United States Marshal Service.

**ORDER**

IT IS ORDERED that:

1. the United States Marshals Service's Motion for Summary Judgment (Dkt. 11) is GRANTED;

2. Plaintiff James Bruce Allison's Ex Parte Motions to Compel (Dkts. 14 & 15) are DENIED.

DATED: November 10, 2015



_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER- 5**